No. 04-01-00199-CV



AMERICAN BUSINESS INFORMATION, INC.


d/b/a American Medical Information n/k/a InfoUSA, Inc.,


Appellant



v.



CLASSIC UNIFORMS, INC.,


Appellee



From the 285th Judicial District Court, Bexar County, Texas


Trial Court No. 1999-CI-11339


Honorable Carol R. Haberman, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: February 6, 2002


AFFIRMED

 American Business Information, Inc. ("ABI") appeals the trial court's judgment in favor of
Classic Uniforms, Inc. on its claim for breach of contract. ABI argues the trial court erred in
excluding from evidence testimonial and documentary evidence of the terms and conditions, including
the limitation of liability, found on the reverse side of the invoice it sent to Classic Uniforms. We
disagree and affirm the trial court's judgment.

Factual and Procedural Background


 Custom Uniforms sells medical apparel, accessories, and gift items to medical, dental, and
veterinary professionals through its retail outlet, web site, and mail order catalog. Beginning with its
Spring-Summer 1998 catalog, Custom Uniforms purchased the mailing lists for its catalogs from
American Medical Information, a division of ABI. 

 Like the lists for its previous catalogs, the mailing list for the Spring-Summer 1999 catalog
was to have been "deduped," that is, only one catalog was to have been sent to each physical address
on the list, regardless of the number of professionals at that physical address. However, the sales
representative for ABI made a mistake; and the catalog was not "deduped." When ABI failed to
correct the mistake with an additional mailing at no cost to Custom Uniforms, Custom Uniforms sued
ABI for breach of contract.

 The case was tried to a jury, which found in favor of Custom Uniforms. The trial court
rendered judgment on the jury's verdict, awarding Custom Uniforms actual damages, pre-and
postjudgment interest, attorney's fees, and costs of court. American Business appealed.

Discussion


 ABI contends the trial court erred in excluding from evidence testimonial and documentary
evidence of the terms and conditions, including the limitation of liability, found of the reverse side of
the invoice it sent to Classic Uniforms.

 The sale of a mailing list constitutes a sale of goods. Big Farmer, Inc. v. Agridata Res., Inc.,
581 N.E.2d 783, 785 (Ill. App. Ct. 1991). A sale of goods is governed by the Uniform Commercial
Code. See Tubelite v. Risica & Sons, Inc., 819 S.W.2d 801, 803 (Tex. 1991) (UCC governs sale of
fabricated material).

 In Tubelite, Risica received a price quotation for fabricated materials from Tubelite; the
quotation, which was signed by Tubelite's representative, did not contain any provision for the
payment of interest in the event of a late payment. Id. at 802. After Risica accepted Tubelite's bid,
it sent Tubelite a notice asking that it begin to work on shop drawings. Id. Some time later, Tubelite
sent Risica "an 'acknowledgment' stating '[a]cceptance hereof is expressly limited to acceptance of
the terms and conditions appearing on the front and reverse side hereof' in bold type capital letters.'"
Id. Among the terms and conditions was a provision for the payment of interest in the event of late
payment. Id. This provision was also included on Tubelite's invoices and statements. Id. When Risica
failed to make payment, Tubelite sued, seeking the outstanding principal balance on the account and
interest pursuant to the acknowledgment, invoices, and statements. Id. The supreme court held
Tubelite was not entitled to interest, because the quotation "was a firm offer because the printed
terms on Tubelite's form provided that the quotation would remain 'valid' for sixty days from its date
and the quotation was signed by Tubelite's authorized agent." Id. at 803. Thus, "[t]he contract
between the parties was formed at the time Risica accepted Tubelite's offer and consisted only of
those terms contained in Tubelite's quotation." Id.

 Similar to the quotation at issue in Tubelite, the proposal faxed to Custom Uniforms on
February 22, 1999 provided that the quotation was effective for thirty days after the date of the
invoice; and it was "signed" by ABI's authorized agent. It was therefore a firm offer. See id. Because
this firm offer was accepted when it was signed by Custom Uniforms' authorized agent and faxed
back to ABI, the parties' contract consisted only of those terms contained in the proposal - terms that
did not include the limitation of liability ABI sought to introduce at trial. We therefore hold the trial
court did not err in excluding from evidence testimonial and documentary evidence of the terms and
conditions, including the limitation of liability, found on the reverse side of the invoice ABI sent to
Classic Uniforms on February 25, 1999. 

Conclusion


 The trial court's judgment is affirmed.


 Sarah B. Duncan, Justice

Do not publish